DAVID W. CLARY *vs.* CHARLES M. OWEN & another.

The builder of fixtures on mortgaged premises under a contract with the mortgagor that the fixtures shall remain the property of the builder until completed and payment for them secured, is not entitled to the fixtures against an assignee of the mortgage, with notice of the contract, taking possession of the premises for breach of condition before the completion of the building, and afterwards purchasing the equity of redemption.

ACTION OF TORT by the assignee in insolvency of Heman D. Burghardt, for the conversion of four water-wheels, with the shafts, couplings and other machinery connected with them. At the trial in the superior court the plaintiff introduced evidence of the following facts:

In 1854 Burghardt contracted with John E. Potter, who then owned certain real estate in Barrington, to furnish the water-

wheels and machinery, and to set them up in wheel-pits to be prepared by Potter on the premises, for the sum of $ 3,500, of which $ 500 was paid at once, and the balance was to be paid on the completion of the work, in notes secured by a mortgage of the property, or by a mechanic's lien.

In the latter part of 1854, Burghardt, in pursuance of this contract, constructed the wheels in question, which were made of cast iron and placed in pairs upon cast iron shafts, and set them up in penstocks and a flume, the frame of which rested on a stone foundation built by Potter in all respects like the foundation of a building. The wheels were intended for the purpose of driving a paper-mill on the premises; they were outside of the paper-mill building, but the mill could not be used without them.

In January 1855, before the completion of the wheels and fixtures, the mill was destroyed by fire; Potter failed and abandoned the work; and Burghardt never fulfilled his contract and never received any payment or security, except the $ 500 paid at the time of making the contract; never delivered the wheels, except in so far as setting them up as above described amounted to a delivery; never offered to return the money which he had received, and never called on Potter for any payment.

When the contract was made the premises were subject to certain mortgages, which were afterwards assigned to the defendants, who had previously had notice that Burghardt claimed to own the wheels and machinery, and who, a year after the fire, took possession of the premises, which were in the condition in which the fire had left them, to foreclose the mortgages, and afterwards purchased the equity of redemption.

Upon this evidence, *Putnam,* J. ruled that the wheels having been placed on the premises after the execution of the mortgages, the action could not be maintained. The plaintiff then offered to show that, by the agreement between Burghardt and Potter, the wheels were to remain the property of the former until completed and payment for them secured by mortgage; but the judge ruled that, even if that were proved, the plaintiff could not maintain his action, and directed a verdict for the

defendants, which was returned, and the plaintiff alleged exceptions.

*J. D. Colt*, for the plaintiffs. A contract for the making of a chattel does not, of itself, vest the property of the chattel, when completed, in the person giving the order. Chit. Con. (10th Amer. ed.) 400 & note. *Mucklow* v. *Mangles*, 1 Taunt. 318. *Atkinson* v. *Bell*, 8 B. & C. 277. In sales of personal property, the title does not vest in the vendee so long as anything remains to be done by the vendee or vendor, though the property may be placed in possession of the vendee. Chit. Con. 396. *Riddle* v. *Varnum*, 20 Pick. 280. And this is true of these wheels and machinery, although when completed, delivered and accepted, they would have become a part of the realty. *Ashmun* v. *Williams*, 8 Pick. 402. *Phelps* v. *Willard*, 16 Pick. 29. *Wells* v. *Banister*, 4 Mass. 514. The defendants cannot hold the wheels by virtue of the prior mortgage in the land, because they were never affixed to the realty by the act of the mortgagee. *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306. The defendants cannot claim title as prior mortgagees, because the mortgages which they set up have been paid, and are merged, and they can claim only as grantees of Potter. *Hunt* v. *Hunt*, 14 Pick. 374. *Loud* v. *Lane*, 8 Met. 517. *Wood v. Hewett*, 8 Ad. & El. N. R. 913.

*J. E. Field & M. Wilcox*, for the defendants.

HOAR, J. It is conceded in the argument of the plaintiff's counsel, that the mill-wheels, for the value of which this action was brought, must be considered, as between mortgagor and mortgagee, fixtures belonging to the realty. They were essential to the operation of the mill, and were intended, when completed and paid for, to be permanently attached to the land. If the mortgagor had himself annexed them to the freehold, there could be no doubt that the mortgagee would hold them under his mortgage, and that they could not be severed without his consent. *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306. But it is contended that the mortgagor being in possession, and having agreed with Burghardt that the wheels should remain the personal property of the builder until they were completed and provision made for paying for them, the wheels, having

been set up under this agreement, could not be claimed and held by the mortgagee.

If this position were tenable, it would follow that the mortgagor could convey to another a right in the mortgaged premises greater than he could exercise himself. But it is well settled that, although the mortgagor, for some purposes, and as to all persons except the mortgagee, may be regarded as the absolute owner of the land, yet the title of the mortgagee is in all respects to be treated as paramount. The mortgagor cannot make a lease which will be valid against the mortgagee; and if the mortgagee enter, neither the mortgagor nor his lessee will be entitled to emblements. Pow. Mortg. *c.* 7. *Keech* v. *Hall,* 1 Doug. 21. *Lane* v. *King,* 8 Wend. 584. *Mayo* v. *Fletcher,* 14 Pick. 525. And we think it is not in the power of the mortgagor, by any agreement made with a third person after the execution of the mortgage, to give to such person the right to hold anything to be attached to the freehold, which as between mortgagor and mortgagee would become a part of the realty. The entry of the mortgagee would entitle him to the full enjoyment of the premises, with all the additions and improvements made by the mortgagor or by his authority.

Whether a person putting a building upon land by license of the mortgagor, under such circumstances that it would remain his personal property as against the mortgagor, would be allowed in equity to maintain a bill to redeem, if the mortgagee should enter, is a question involving very different considerations. A tenant under a lease may redeem, to protect his interest. Rev. Sts. *c* 107, § 13. *Bacon* v. *Bowdoin,* 22 Pick. 401.

It has been suggested that the defendants cannot avail themselves of their title as mortgagees, because they acquired the title of the mortgagor also, and therefore the mortgages are to be regarded as paid or merged. But it has been often decided that the purchaser of an equity of redemption may take an assignment of the mortgage, and may keep the legal and equitable titles distinct, at his election, if he has any interest in so doing, so that they shall not merge by unity of possession. And a release of an equity of redemption operates as an ex-

tinguishment of the equity of redemption, and not as a merger
of the estate conveyed by the mortgage.   *Loud* v. *Lane*, 8
Met. 517.                                      *Exceptions overruled.*